106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ron COLSON and Donald Gene Smith, Plaintiffs-Appellants,
v.
ALLIED SYSTEMS LTD., and the International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and Helpers of
America, Defendants-Appellees,
Donald Gene SMITH, Kenneth Dudley, and Daniel Jenkins,
Plaintiffs-Appellants,
v.
AUTO CONVOY CO. and Teamsters Chauffeurs, Helpers and Taxi
Cab Drivers, Local No. 327, Defendants-Appellees.
 No. 95-6428.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1997.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated action, the plaintiffs are "car haul" truck drivers who sued their employers and their union under § 301 of the Labor-Management Relations Act, claiming that they were denied their right under the union constitution to vote on local company riders to the car haulers' national collective bargaining agreement. The riders in question had the effect of changing seniority bidding rights from the former company-wide arrangement to terminal-wide bidding, causing, the plaintiffs claimed, a decrease in their wages. The employers demurred, relying on the fact that they were not parties to the union constitution in question. The union presented evidence that the constitutional provision cited by the plaintiffs had never been interpreted to permit ratification by union members in circumstances such as those presented here.
 
 
 2
 The parties agreed to have the district court decide the case on a stipulated record, and the district court found in favor of the defendants. It held that the employers could not be held liable for a breach of the union constitution because the employers were not signatories to that constitution. In addition, the court held that the employers could rely on the apparent authority of the union officials who interpreted the constitution, thus barring any claim against the employers. Finally, the court held that the union had wide discretion to interpret its own constitution and that it had not exceeded its discretion in this case.
 
 
 3
 Having had the benefit of oral argument and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in ruling in the defendants' favor. Because the reasons why judgment should be entered for the defendants have been fully and accurately articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court on the reasoning set out by that court in its memorandum opinion filed on September 14, 1995.